IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | CASE NO. 2:09-md-2009 |
| James E. Warwick and Barbara Rhea Warwick, | |
| Plaintiffs, | |
| v. | |
| RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., RMK Multi-Sector High Income Fund, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, | Case No. 2:13-cv-02653 |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Peter S. Fruin
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com

Shepherd D. Tate
Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
state@bassberry.com
mbrady@bassberry.com

Defendants Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman (collectively "Defendants") respectfully submit this reply memorandum in further support of their Motion to Dismiss Plaintiffs' Complaint.

## ARGUMENT

**I.     PLAINTIFFS' CLAIMS ARE TIME-BARRED**

    **A.     *American Pipe* Does Not Save Plaintiffs' Claims From the Applicable Statutes of Limitations or Statutes of Repose**

        1.     *American Pipe* does not toll the running of statutes of repose.

Plaintiffs do not deny that, absent tolling, the applicable statutes of repose conclusively bar their claims. Instead, Plaintiffs erroneously argue that *American Pipe* applies to toll the running of the statutes of repose.

Under the Supreme Court's decision in *American Pipe*, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). In a later case, the Supreme Court found that federal statutes of repose (such as the statutes of repose in the federal securities laws), however, are not subject to equitable tolling. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991). While this Court has previously noted that some courts have applied *American Pipe* to statutes of repose (*see In re Regions Morgan Keegan Closed-End Fund Litigation*, No. 2:07-cv-02830 (March 30, 2012) at pp. 23-24), the Second Circuit's 2013 decision in *IndyMac* was published since that decision. After an exhaustive analysis of federal case law, the court in *IndyMac* refused to apply *American Pipe* tolling principles to statutes of repose. Specifically, the Second Circuit concluded that because Rule 23 does not expressly

create a class action tolling rule, tolling under the Court's decision in *American Pipe* is best understood as a judicially created rule based on equitable considerations and, as a result, cannot extend a statute of repose. *Police and Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013) ("Permitting a plaintiff to file a complaint or intervene after the repose period . . . has run would therefore necessarily enlarge or modify a substantive right and violate the Rules Enabling Act."); *see also, e.g.*, *Caviness v. Derand Res. Corp.*, 983 F.2d 1295, 1301 (4th Cir. 1993) ("[T]o adopt an interpretation that tolling principles should be applied to extend the three-year period of [Section] 13 would require [a court] to ignore the plain meaning of the language that says 'in no event' . . . and defeat the very purpose of a statute of repose.").

Thus, *American Pipe* relates to equitable tolling of statutes of limitations and is not applicable to statutes of repose.[1] Plaintiffs' claims are subject to 3 and 5 year statutes of repose, which, as outlined in detail in Defendants' Motion to Dismiss, expired well before the filing of Plaintiffs' Complaint on August 22, 2013. All of Plaintiffs' claims are therefore subject to dismissal.

        2.    <u>*American Pipe* does not apply where an independent action is filed before determination of the class certification issue</u>.

"[A] plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005). While

---

[1] Despite Plaintiffs' arguments to the contrary, district courts – including those outside of the Second Circuit – have agreed. For example, a district court in Texas held that "class action tolling is not applicable to the Montreal Convention two-year repose provision." *Dickson v. American Airlines, Inc.*, 685 F. Supp. 2d 623, 627 (N.D. Tex. 2010). Likewise, an Alabama district court concluded that *American Pipe* does not apply to the three-year rescission period under the Truth in Lending Act "because the three-year rescission period . . . is emphatically not a statute of limitations that is subject to tolling." *McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp. 2d 1210, 1215 (S.D. Ala. 2008).

Plaintiffs argue that *Wyser-Pratte* case was wrongly decided, their opinion as to its correctness is of little consequence. *Wyser-Pratte* is the law of this jurisdiction and was upheld by the Sixth Circuit less than one year ago. *See, e.g.*, *Vertrue v. Vertrue, Inc. (In re Vertrue Mktg. & Sales Practices Litig.)*, 719 F.3d 474, 480 (6th Cir. 2013). Under the clear precedent of *Wyser-Pratte*, because Plaintiffs filed an independent action before the class certification determination, they cannot rely on *American Pipe*, and their claims should be dismissed.

In any event, on June 1, 2010, Plaintiffs affirmatively stated that they would not participate in the class actions so that they could pursue their claims in arbitration.[2] Despite this

---

[2] To file their claims in arbitration, Plaintiffs had to file a notice with FINRA that they would "not participate in the class action or in any recovery that may result from the class action." (Docket Entry 51-16 (FINRA Rule 12204). While Plaintiffs argue they opted-out as to Morgan Keegan only, the notice required by FINRA Rule 12204(b)(2) is analogous to the opt-out required by Rule 23 of the Federal Rules of Civil Procedure which does not allow for a partial opt-out. Rather, a class member who opts out of the class action does so for all purposes and for all defendants *See, e.g., In re Del-Val Fin. Corp. Sec. Litig.*, 162 F.R.D. 271, 273, 275 (S.D.N.Y. 1995) (Rule 23 "contains no provision that expressly permits an individual to exclude herself from the class with respect to some defendants but to remain in the class with respect to others . . . .[A]n individual who requests exclusion from a class certified for the purposes of litigation is opting out of the entire litigation") (citing Fed. R. Civ. P. 23(c)); *Manual for Complex Litigation 2d* § 30.231 (1985)); *see also In re Enron Corp. Sec., Derivative & ERISA Litig.*, MDL No. 1446, 2006 WL 1006611, at *1 (S.D. Tex. Apr. 12, 2006) (denying class members' motion to opt out of class as to some defendants but not others observing that "a class member that opts out of the litigation does so for all purposes"); *Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 139 (S.D.N.Y. 1999) (same).

Both FINRA Rule 12204(b)(2) and Rule 23 of the Federal Rules of Civil Procedure are consistent with the "one satisfaction" and "one cause of action" rules, which prevent plaintiffs from pursuing multiple actions and obtaining multiple recoveries for the same alleged wrong, regardless of how many alleged tortfeasors caused the wrong. *See Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 220 F. Supp. 2d 1249, 1254 (N.D. Ala. 2002) (internal citations omitted) ("an injured party should not be allowed to recover more than once for the same wrong"); *see also Restatement (Second) of Torts*, § 920A(1). This well-established "one satisfaction" rule is based on the premise that where joint tortfeasors cause a single alleged injury, only one indivisible cause of action results from the injury, "[r]egardless of how the plaintiff seeks to couch the cause of action or damages claimed." *Ruiz de Molina*, 220 F. Supp. 2d at 1253 (citing *Shepherd*, 614 So. 2d at 1050 (quoting *Jones v. Russell,* 89 So. 660, 663 (1921))). This prevents a plaintiff from abusing the legal system by splitting a single cause of action into multiple actions in pursuit of multiple recoveries on the same wrong.

affirmation, Plaintiffs now argue that they should be entitled to equitable tolling during the pendency of the class actions – the same class actions in which they affirmatively stated they would not participate. Simply put, Plaintiffs want to have their cake and eat it too. While Plaintiffs argue they were forced into arbitration, such a decision was tactical and whether right or wrong, it was theirs alone. Indeed, pursuant to FINRA Rule 12204, Morgan Keegan could not have enforced its arbitration agreement against Plaintiffs had they stayed members of the class.[3] Thus, while Plaintiffs were free to keep their claims against all defendants, including Morgan Keegan, in court as members of the class action or to file an action in court against the non-Morgan Keegan defendants, that was something they chose not to do.[4] Plaintiffs mistakenly focus on the requirements for a Rule 23 class action opt-out; however, they do not dispute that on June 1, 2010 they agreed they would not participate in the class actions. They were, therefore, foreclosed from doing so by virtue of the FINRA Rules to which they had submitted. Plaintiffs chose to file an independent action without waiting for determination of class certification and, in fact, specifically agreed not to participate in the class action. Thus, Plaintiffs are foreclosed from receiving the benefits of *American Pipe* because they relinquished their rights to be members of the class. *See Wyser-Pratte Mgmt. Co.*, 413 F.3d at 568.

---

[3] Rule 12204(d) provides that "[a] member . . . may not enforce any arbitration agreement against a member of a certified or putative class . . . until: [t]he class certification is denied; [t]he class is decertified; [t]he member . . . is excluded from the class by the court; or [t]he member . . . elects not to participate in the class or withdraws from the class . . . ." (Docket Entry 51-16 (FIRNA Rule 12204).)

[4] Plaintiffs' argument that their claims in arbitration were of "no relevance" to the class action is completely nonsensical. In their arbitration, Plaintiffs asserted a number of causes of action virtually identical to the class claims, including violations of Sections 11, 12(a)(2), and 15 of the 1933 Act (Docket Entry 51-15 (Stmt. of Claim, pp. 91-93), violations of Section 10(b) of the 1934 Act (*id.* at p. 90), and violations of SEC Rule 10b-5 (*id.*). Plaintiffs' Statement of Claim was also based on the same alleged misstatements and omissions relating to the Funds' true nature and risks, the Funds' violations of stated investment limitations, and the use of an inappropriate benchmark by the Funds, among others. (*See id.*, at pp. 6, 8, 57.)

### B. The Discovery Rule Does Not Prevent the Running of the Statutes of Limitations on Plaintiffs' Claims

Plaintiffs argue that the doctrine of fraudulent concealment and/or the discovery rule should toll the running of the statutes of limitations on their claims. (*See, e.g.*, Pls.' Resp., pp. 1-4, 13.) Statutes of limitations are only tolled, however, "until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the defendant's fraudulent concealment or sufficient facts to put the plaintiff on actual or inquiry notice of his or her claim." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 463 (Tenn. 2012) (citing *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 145 (Tenn. 2001)).[5] Plaintiffs cannot deny that they filed a Statement of Claim with FINRA on June 1, 2010 based on the same allegations and seeking to recover these exact same damages based on their same losses in the RMK Funds. For Plaintiffs to argue that they weren't on notice of their claims as of that time is at best disingenuous.

Even more astonishing is Plaintiffs' argument with respect to scienter. Plaintiffs spend more than a page discussing *Merck & Co. v. Reynolds* and arguing that the limitations period could not have run until they discovered facts revealing scienter. (*Id.* at pp. 3-4.) Specifically, Plaintiffs argue that "[i]n this case, there is no evidence of scienter that was available to Plaintiff[s] exercising reasonable diligence on each claim within two years of the filing of Plaintiff[s'] Complaint on August 22, 2013." Yet, Plaintiffs' own Complaint states that they were on notice of facts giving rise to their claims "including scienter" on December 21, 2007 – which is certainly more than two years before the filing of their Complaint. (Compl., ¶ 439 ("Plaintiffs

---

[5] Plaintiffs argue that their claims "did not accrue until all elements of the claim [were] reasonably discoverable . . . ." (Pls.' Resp., p. 2.) That simply is not the law. *See, e.g.*, *Reid v. Baker*, No. 10-2413, 2011 U.S. Dist. LEXIS 27255, *31-32 (W.D. Tenn. Mar. 16, 2011) ("'The discovery rule was not meant to allow a party to delay filing his claim until after he has completed the process of discovering all the factors that affect its merits.'") (quoting *Burk v. RHA/Sullivan, Inc.*, 220 S.W.3d 896, 902 (Tenn. Ct. App. 2006)).

could not have discovered facts constituting the elements of Plaintiffs' claims, including scienter, . . . until after . . . December 21, 2007.")

Plaintiffs' admissions in their Complaint show that they were on notice of their claims well outside the statute of limitations period.[6] As Plaintiffs' Complaint contains affirmative statements regarding when they discovered the facts giving rise to their claims (*e.g.*, Compl., ¶¶ 412-415, 426), no further factual development is needed and Plaintiffs' claims should be dismissed as time-barred. Thus, Plaintiffs' blanket argument that statutes of limitations are not appropriate for consideration on a motion to dismiss is an incorrect statement of the law. *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (When "the allegations in the complaint affirmatively show that the claim is time-barred . . . , dismissing the claim under Rule 12(b)(6) is appropriate.").

## II. PLAINTIFFS' CLAIMS ARE BARRED BY THE PRECLUSIONARY DOCTRINE OF RES JUDICATA

Plaintiffs' first argument against the application of res judicata is that there is no identity of claims because the Defendants were not parties to the arbitration and the arbitration decided only legal claims against Morgan Keegan. (Docket Entry 56, pp. 22-23.) That, however, is not the standard for determining whether two suits constitute the same cause of action. *Coleman v. IndyMac Venture, LLC*, No. 12-2125, 2013 U.S. Dist. LEXIS 118622, at *32 (W.D. Tenn. June 12, 2013) ("Two suits . . . shall be deemed the same 'cause of action' . . . where they arise out of the same transaction or a series of connected transactions.") (quoting *Creech v. Addington,* 281 S.W.3d 363, 381 (Tenn. 2009)). Plaintiffs do not dispute – nor can they – that the arbitration and

---

[6] *See, e.g.*, Compl., ¶ 412 (alleging December 21, 2007 as earliest date of discovery for claims under Sections 11, 12(a)(2), and 15); ¶¶ 413-414 (alleging April 4, 2008 as earliest date of discovery for Section 10(b), Section 20(a), and Rule 10b-5 claims); ¶ 426 (alleging July 11, 2008 as earliest date of discovery for Sections 10(b) and 20(a) claims on their RHY purchases).

the instant action both arise out of and depend on the same operative facts and pertain to the same disputed transactions – namely Plaintiffs' investment in the RMK Funds. (*See, e.g.*, Docket Entry 51, p. 19 n.14.)

Plaintiffs next argue that "res judicata principles are inapplicable because Plaintiff[s] could not have sued many, if not all, of the Defendants in the arbitration proceeding." (Docket Entry 56, p. 22; *see also id.* at pp.23-25.) Contrary to Plaintiffs' arguments, they were not forced into arbitration. As outlined above, they could have remained class members and asserted their claims against each and all of the Defendants, as well as Morgan Keegan. Alternatively, they could have filed claims against these Defendants in court.[7] The tactical decision to pursue their one bite at the apple in arbitration against Morgan Keegan was theirs alone and does not foreclose the application of res judicata.

With respect to privity, Plaintiffs try to draw distinctions between the standards they cite and those relied on by Defendants. However, privity exists under either standard. The standard espoused by Plaintiffs – in full – is that "[r]es judicata . . . bars those in privity with parties *from bringing suit later*. Privity *in this sense* means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir. 1992) (emphasis added); *see also* Docket Entry 56, p. 27. The privity to which this standard speaks is the privity of the party bringing the suit, *i.e.* Plaintiffs.[8] There is no dispute that the Plaintiffs here are the same as the claimants who brought the arbitration claim; thus, Plaintiffs' arguments are inapposite.

---

[7] Plaintiffs also had the option to file their claims in FINRA against the Defendants as well. Defendants would then have had the option of submitting to the jurisdiction of FINRA. *See* FINRA Rule 12201.

[8] Plaintiffs cite another case that clearly states that "[c]oncepts summarized by the term privity are looked to as a means of determining whether the interests of *the party against whom claim*

Finally, despite Plaintiffs' weak arguments to the contrary, the doctrine of res judicata applies to arbitration proceedings. *See, e.g.*, *Central Transport, Inc. v. Four Phase Systems, Inc.*, 936 F.2d 256, 259 (6th Cir. 1991) ("[F]ederal courts ordinarily give preclusive effect to arbitrations."). Plaintiffs' arguments regarding fundamental fairness likewise fail as Plaintiffs chose to pursue their claims in arbitration and are, therefore, foreclosed from now seeking to recover for the same losses in another forum. *See Trinity Indus. v. McKinnon Bridge Co.*, 77 S.W.3d 159, 185 (Tenn. Ct. App. 2001) ("[A] plaintiff who sued an automobile dealer for a defective car and lost could not then sue the manufacturer on an identical claim.") (citing *Cantrell v. Burnett & Henderson Co.*, 216 S.W.2d 307 (Tenn. Ct. App. 1948)).

Plaintiffs' Complaint should be dismissed in its entirety based upon the doctrine of res judicata as Plaintiffs have already brought these exact same claims, based on the exact same transactions and occurrences, before FINRA.

### III. PLAINTIFFS' OTHER ARGUMENTS DO NOT SAVE THEIR CLAIMS FROM DISMISSAL

Plaintiffs briefly assert, without any argument, that Defendants' Motions are based upon material that the Court cannot consider at this stage, but instead must wait to take up after discovery. (*See* Docket Entry 56, p. 3.) Contrary to Plaintiffs' assertion, when deciding a motion to dismiss, the Court "must consider the complaint in its entirety, as well as other . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of "the full text of securities filings, the company prospectus, analysts' reports, and statements integral to a complaint," as well as documents that are "referred to in the

---

*preclusion is asserted* were represented in prior litigation." (Docket Entry 56, p. 27 (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995)) (emphasis added).

complaint and are central to the plaintiff's claim." *In re Bridgestone Sec. Litig.*, 430 F. Supp. 2d 728, 732 (M.D. Tenn. 2006). Courts may also take judicial notice of facts that are not subject to reasonable dispute. *See* Fed. R. Evid. 201; *see also City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001) (taking judicial notice of dates of complaint and amendment in separate proceeding). Likewise, courts may take notice of market trends and relevant media reports. *See D.E. & J. Ltd. P'ship v. Conaway*, 284 F. Supp. 2d 719, 749 n.26 (E.D. Mich. 2003), *aff'd* 133 F. App'x 994 (6th Cir. 2005). All of the documents referenced in Defendants' Motion to Dismiss are documents the Court can consider in deciding this motion.

Plaintiffs also argue that they have "satisfie[d] the pleading requirement for fraud claims" and have adequately alleged loss causation, reliance, and control person liability. (Docket Entry 56, pp. 15-20.) However, in support of their conclusory assertions, Plaintiffs simply cite to various paragraphs in the Complaint as evidence of their supposed adequate pleading. (*Id.*) However, as set forth in Defendants' Motion to Dismiss, those allegations are insufficient as a matter of law and require dismissal. (*See* Docket Entry 51, pp. 22-30, 35-37.)

With respect to Plaintiffs' argument that their claims are not derivative, Plaintiffs fail to respond in any meaningful way to the clear law cited by Defendants that "[t]o bring a direct suit, the stockholder's claimed direct injury must be independent of any alleged injury to the corporation." *Jolly Roger Fund LP v. Sizeler Prop. Investors, Inc.*, No. 05-841, 2005 U.S. Dist. LEXIS 26837, at * 14 (D. Md. Nov. 3, 2005) (quotations omitted). In *Rice*, the Alabama Supreme Court expressly held that the key inquiry for distinguishing direct from derivative claims is "**whether the shareholders have suffered an injury that is distinct from the injury suffered by the RMK funds, or whether the injury to the shareholders merely derives from that injury.**" *See Ex parte Regions Financial Corp.*, 67 So. 3d 45, 51 (Ala. 2010). Plaintiffs

have alleged that the "direct" cause of the decline in the Funds' share prices – and, therefore, the decline in value of the Funds' holdings – was the mismanagement of the Funds' portfolio. Thus, Plaintiffs' claims should be dismissed as derivative.

Finally, Plaintiffs' argument with regard to the statutory defenses under the Mississippi Securities Act is nonsensical. Certainly Plaintiffs' Mississippi Securities Act claims are not immune from Rule 12(b)(6) dismissal and/or the application of the statutes of limitations and repose. As Plaintiffs provide no explanation or law in support of their argument, it should be disregarded.

## CONCLUSION

For the reasons set forth herein and in Defendants' Motion to Dismiss, Defendants respectfully request that the Court dismiss Plaintiffs' claims with prejudice.

Respectfully submitted this 28th day of January, 2014.

*s/ Peter S. Fruin*
Peter S. Fruin
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com

Counsel for Defendants
Regions Financial Corporation,
MK Holding, Inc., Morgan Asset
Management, Inc., James C. Kelsoe, Jr.,
Brian B. Sullivan, Joseph Thompson Weller,
Allen B. Morgan, and J. Kenneth Alderman

**OF COUNSEL:**

Shepherd D. Tate
Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
state@bassberry.com
mbrady@bassberry.com

## CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that on January 28, 2014 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System upon the following:

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455
(901) 526-4086 (fax)
ccampbell@harrisshelton.com
lmartin@harrisshelton.com

James A. Dunlap, Jr.
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
(404) 354-2363
(404) 745-0195 (fax)
jim@jamesdunlaplaw.com

*Counsel for Plaintiffs*

Kevin C. Logue
**PAUL HASTINGS LLP**
75 East 55th Street
New York, New York 10022
(212) 318-6039
(212) 230-7620 (fax)
kevinlogue@paulhastings.com

*Counsel for Defendants RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc.*

R. Harold Meeks , Jr.
**JAMES BATES BRANNAN GROVER LLP**
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
hmeeks@jamesbatesllp.com

*Counsel for Defendant Carter E. Anthony*

*s/ Peter S. Fruin*
OF COUNSEL

02788220.4                                              13