**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| James E. Warwick and Barbara Rhea Warwick, | Case No. 13-2653-SHM |
| Plaintiffs, | Judge Samuel H. Mays, Jr. |
| v. | Magistrate Judge Diane K. Vescovo |
| RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, | |
| Defendants. | |

**FUND DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF MOTION TO DISMISS COMPLAINT**

PAUL HASTINGS LLP
Kevin C. Logue
Kevin P. Broughel
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants*
*Helios Advantage Income Fund, Inc., Helios*
*High Income Fund, Inc., Helios Multi-Sector*
*High Income Fund, Inc., and Helios*
*Strategic Income Fund, Inc. (formerly RMK*
*Advantage Income Fund, Inc., RMK High*
*Income Fund, Inc., RMK Multi-Sector High*
*Income Fund, Inc., and RMK Strategic*
*Income Fund, Inc., respectively)*

The "Fund Defendants" (or the "Funds") as defined in their Opening Memorandum of Law dated November 12, 2013 ("Opening Memorandum" or "Open. Mem.") respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiffs' complaint filed on August 22, 2013 (ECF No. 1) (the "Complaint").[1]

## ARGUMENT

## I. PLAINTIFFS' CLAIMS ARE TIME-BARRED AS AGAINST ALL FUND DEFENDANTS

As argued extensively in the Fund Defendants' Opening Memorandum, each of Plaintiffs' claims is barred by the applicable statutes of repose and limitations. *See* Open. Mem. at pp. 1-6. None of Plaintiffs' arguments save their untimely claims from being dismissed.

### A. All of Plaintiffs' Claims are Barred by the Statutes of Repose

Section 13 of the 1933 Securities Act (the "1933 Act"), which sets forth the statutes of repose for both Section 11 and Section 12(a)(2) claims, emphatically precludes the possibility of tolling of such statutes of repose. 15 U.S.C. § 77m. For Section 11 claims, it states that "***in no event*** shall any such action be brought … more than three years after the security was bona fide offered to the public," and for Section 12(a)(2) claims, it states that "***in no event*** shall any such action be brought … more than three years after the sale." *Id.* (emphasis added). For this reason among others, the Second Circuit correctly held in *Police & Fire Retirement Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 101 (2d Cir. 2013) that a plaintiff cannot rely on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*") to toll the statute of repose.[2]

---

[1] Plaintiffs moved this Court on January 7, 2014 for leave to file an Amended Complaint. Defendants opposed that motion on January 21, 2014.

[2] *IndyMac's* reasoning has been applied in a number of subsequent cases. *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, 08 CV 8781 (HB), 08 CV 5093 (HB), 2013 U.S. Dist. LEXIS 177795, at *21 (S.D.N.Y. Dec. 18, 2013) (rejecting argument that *IndyMac* should not be

(continued...)

Under this same rationale, Plaintiffs' Section 10(b) and Rule 10b-5 claim and state law fraud claims, which are all subject to a five-year statute of repose, are also time-barred.[3] *See* Open. Mem. at pp. 2-4; *Cates v. Stryker Corp.*, No. 3:10-cv-546, 2012 U.S. Dist. LEXIS 9825, at *14-15 (E.D. Tenn. Jan. 27, 2012) (holding that the Tennessee legislature has not provided for tolling of a statute of repose found in the TCPA by a showing of fraudulent concealment or otherwise).

Plaintiffs' purported policy arguments ignore the distinction between statutes of repose and statutes of limitations. A repose period sets "an absolute bar to untimely litigation." 1 Corman, Limitation of Actions § 1.1, at 4 (1991); *IndyMac*, 721 F.3d at 106, quoting *Fed. Hous. Fin. Agency v. UBS Ams. Inc.*, 712 F.3d 136, 140 (2d Cir. 2013) ("statutes of repose … run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action."). As such, statutes of repose seek to provide parties with the benefits of finality and settled expectations. Indeed, while statutes of limitations merely "preclude [a] plaintiff from proceeding," a statute of repose "is not concerned with the plaintiff's diligence; it is concerned with the defendant's peace." *McDonald v. Sun Oil Co.*, 548 F.3d 774, 779-80 (9th Cir. 2008). In this case, the purpose of the various statutes of repose is to set a fixed and definite cutoff for the filing of claims, subject to no exceptions. Tolling would eviscerate

---

(...continued)
applied retroactively); *Freidus v. ING Groep, N.V.*, No. 12-3748-CV, 2013 U.S. App. LEXIS 23486, at *2 (2d Cir. Nov. 22, 2013) (citing *IndyMac* and holding tolling not available for claims brought under the 1933 Act); *Caldwell v. Berlind*, No. 13-156-CV, 2013 U.S. App. LEXIS 22137, at *4 (2d Cir. Oct. 28, 2013) (citing *IndyMac* and rejecting *American Pipe* tolling argument).

[3] For the Section 10(b) and Rule 10b-5 claim, Plaintiffs' own Complaint acknowledges they were on notice of facts giving rise to their claims on December 21, 2007. Complaint at ¶ 439. Moreover, even if the repose period were measured either from the date of the most recent alleged misstatement or omission (February 28, 2008) (*Id.* at ¶ 305), or the date of Plaintiffs' last security purchase (November 14, 2007) (*Id.* at ¶ 441), the claim would still be untimely.

that purpose by eliminating the certainty and finality a statute of repose is intended to provide for asserting securities claims. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) (observing with respect to Section 13 that the "3-year limit is a period of repose inconsistent with tolling.").

Moreover, enforcing statutes of repose does not defeat the objectives of Rule 23. To the contrary, it increases the efficiency and economy of class action litigation in significant ways. If tolling were permitted, unnamed class members would be incentivized to engage in a "wait-and-see" approach about whether to participate in class action litigation or pursue their claims individually. Individual plaintiffs could delay filing individual actions as long as possible in order to benefit from the discovery conducted by class counsel and then seek to take duplicative discovery in their own cases – imposing substantial additional costs on defendants, witnesses and the courts. In addition, meaningful settlement negotiations could be hampered when the size of the class (and the number of opt-outs) remained uncertain. All of this would lead to significant inefficiencies in class action discovery and settlement efforts.

Finally, Plaintiffs' argument with respect to Rule 23 and the Rules Enabling Act is similarly flawed. The statute of repose both grants defendants the right to be free from suit and extinguishes plaintiffs' right to bring suit. If Rule 23 tolled the statute of repose, it would not leave "the parties' legal rights and duties intact" but would directly alter these rights by extending the time to bring a cause of action beyond its congressionally set expiration date. Contrary to Plaintiffs' contention, this is much more than "simply governing the 'manner and the means' by which the parties' rights are determined." *See* Opp. Br. at 10; *IndyMac*, 721 F.3d at 106 (holding that tolling the statute of repose would violate the Rules Enabling Act because "in contrast to statutes of limitations, statutes of repose create a ***substantive*** right in those protected

to be free from liability after a legislatively-determined period of time.") (internal quotations and citation omitted) (emphasis added).

### B.  <u>Plaintiffs' Claims are Barred by the Statutes of Limitations</u>

Beyond being barred by the statutes of repose, Plaintiffs' claims are also barred by the applicable one and two year statutes of limitations periods.[4]  Plaintiffs' contention that it could not have discovered the facts constituting the alleged violations (Opp. Br. at pp. 1-2) to trigger the limitations period is flatly contradicted by the Complaint's allegations.[5]

In short, Plaintiffs allege a litany of factual disclosures beginning in 2007 that demonstrate that Plaintiffs, with reasonable diligence, could have discovered the alleged violations. *See, e.g.*, Complaint ¶¶ 348-371 (summarizing at length various 2007 "information disclosed for the first time in … news articles and corrective disclosures [that] caused the Plaintiffs to suffer huge losses"); ¶ 374 (alleging news that "reveal[ed] the extent of the consequences of the Defendants' fraudulent scheme" and "detail[ed] the mounting litigation against the Defendants named herein relating to the Funds' false statements."); ¶ 377 (2009 public disclosure of *Wells* Notice that the SEC intended to recommend that the Commission bring enforcement actions).  These alleged facts defeat Plaintiffs' claim.  *See, e.g., Monday v.*

---

[4] Plaintiffs incorrectly assert (Opp. Br. at p. 1) that a statute of limitations defense is inappropriate on a motion to dismiss.  *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove **no** set of facts that would entitle him to relief.") (emphasis in original) (internal quotations and citation omitted).

[5] Plaintiffs' own cited case, *Eldridge v. Savage*, No. M2012-00973-COA-R3CV, 2012 WL 6757941 (Tenn Ct. App. Dec. 28, 2012), acknowledges that under Tennessee law "where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct … judgment on the pleadings or dismissal of the complaint is appropriate."  Opp Br. at pp. 1-2.

*Meyer*, No. 1:10 CV 1838, 2011 WL 5974664, at *8-9 (N.D. Ohio Nov. 29, 2011) (dismissing Rule 10b-5 claim where plaintiffs' allegations demonstrated a reasonably diligent plaintiff could have discovered facts of alleged violation during the limitations period).

Regardless, by Plaintiffs' own admission, the April 7, 2010 SEC and Multi-State Task Force Notice of Intent and enforcement actions disclosed all of the necessary underlying facts to Plaintiffs' claims that would start the running of the limitations period. *See* Complaint at ¶ 415 ("Plaintiffs would have been unable to discover, nor would any investor exercising reasonable diligence in their positions … discover[] the facts underlying Plaintiffs claims contained in the Multi-State Notice of Intent and the SEC v. Morgan Keegan enforcement actions (and exhibits and allegations contained therein) published on April 7, 2010."). This belies any claim that the facts that form the basis of Plaintiffs' fraud claims were somehow concealed within the applicable limitations periods. As a result, all of Plaintiffs' claims are time-barred.

Even assuming for statute of limitations purposes that Plaintiffs were entitled to the benefit of *American Pipe* tolling, Plaintiffs opted-out of the class and chose to pursue their claims individually when they filed their FINRA arbitration in June 2010, long before class certification on August 6, 2013. As such, Plaintiffs forfeited any right to *American Pipe* tolling. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005) (holding *American Pipe* tolling does not apply where "a plaintiff … chooses to file an independent action without waiting for a determination on the class certification issue).[6] In fact, when Plaintiffs filed their

---

[6] Plaintiffs portray *Wyser-Pratte*, which is binding Sixth Circuit precedent, as "wrongly decided and inapplicable to this case." *See* Opp. Br. at p. 14. Such an assertion is unavailing. *Wyser-Pratte* correctly recognized that "[t]he purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification." *Id.* at 569. Further, Plaintiffs' attempt to distinguish *Wyser-Pratte* by applying *American Pipe* tolling to just arbitration filings is meritless. *Wyser-Pratte* makes no such distinction and, even in arbitration,

(continued...)

Statement of Claim, they were required to opt-out of the class action proceedings. *See* Ex. P,

Dkt. No. 51-16 (requiring FINRA arbitration claimants to opt-out of class action proceedings

where the arbitration and class action are "based upon the same facts and law, and involve[] the

same defendants"); Ex. O, Dkt No. 51-15 at p. 9 (stating claimant is opting-out of class actions

as to Morgan Keegan & Company, Inc.).[7] Therefore, the one and two-year statute of limitations

would have begun running anew at that time, extinguishing Plaintiffs' claims here. In any event,

Plaintiffs' state-law claims are time-barred for the independent reason that they were not even

asserted in the class action, making *American Pipe* tolling unavailable. *Weston v. AmeriBank*,

265 F.3d 366, 368-69 (6th Cir. 2001); Open. Mem. at pp 5-6.

Finally, for the further reasons argued in the submissions by co-defendants, dismissal of

the claims against the Fund Defendants based on untimeliness is warranted.

## II. PLAINTIFFS' SECTION 10(b) AND RULE 10b-5 CLAIM (COUNT IV) FAIL TO PLEAD REQUISITE PARTICULARITY AS AGAINST ALL FUND DEFENDANTS

Plaintiffs' response to Fund Defendants' Motion to Dismiss underscores why Plaintiffs'

allegations fail to satisfy the requisite particularity as to each Fund Defendant as required by the

heightened PSLRA standard. For each Fund Defendant, Plaintiffs argue that they "alleged

---

(...continued)

the parties are still burdened with additional litigation and the court confronted with the possibility of future judicial involvement.

[7] It is irrelevant that Plaintiffs' class action opt out was only as to Morgan Keegan & Company, Inc. Plaintiffs must live with the consequences of electing to leave the class – they cannot straddle the line as a class and non-class member as they see fit. *See generally Am. Pipe*, 414 U.S. at 549 (class members "are either nonparties to the suit and ineligible to participate in a recovery or to be bound by a judgment, or else they are full members who must abide by the final judgment, whether favorable or adverse."); *In re Del-Val Fin. Corp. Sec. Litig.*, 162 F.R.D. 271, 273, 275 (S.D.N.Y. 1995) (Rule 23 "contains no provision that expressly permits an individual to exclude herself from the class with respect to some defendants but to remain in the class with respect to others") (citing Fed. R. Civ. P. 23(c)); *Manual for Complex Litigation (Second)* § 30.231 (1985)).

specific wrongdoing", but they merely point the Court to over 280 paragraphs of the Complaint without identifying exactly what particular facts give rise to their securities fraud claim. *See* Opp. Br. at pp. 15-16. This highlights Plaintiffs' inability to show any alleged misstatement or misconduct attributable to the Fund Defendants, requiring dismissal. *See, e.g., City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651, 682 (6th Cir. 2005) ("… to survive a motion to dismiss, a federal securities fraud claim must withstand an exacting statement-by-statement analysis.") (internal quotations and citation omitted); *Arco Capital Corp. Ltd. v. Deutsche Bank AG*, No. 12- CIV. 7270, 2013 WL 6200380, at *7 (S.D.N.Y. Nov. 27, 2013) (dismissing 10b-5 claim where plaintiff failed to allege "what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and the effect the scheme had on investors in the securities at issue.") (citation omitted).

Moreover, as detailed in Fund Defendants' opening brief (Open. Mem. at pp. 8-13) Plaintiffs fail to allege with adequate specificity any facts that show that the Fund Defendants acted with the requisite scienter. Plaintiffs' opposition brief only refers to "opportunity to commit fraud in the Funds' NAV, specific examples of fraud [without identifying what those examples are] and the enormous financial incentives to commit fraud by inflating the NAV of the Funds." *See* Opp. Br. at p. 17. These allegations of manipulation of the Funds' NAV, at their core, concern others injuring the Fund Defendants, and cannot support any inference of scienter on the part of the Fund Defendants themselves.[8] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). Nor can the scienter of non-employees, as alleged in Plaintiffs' Complaint, be imputed to the Fund Defendants. *See* Open. Mem. at pp. 9-12;

---

[8] For this reason, Plaintiffs' claims should be dismissed on the independent basis that they are derivative in nature and belong to the Funds themselves. *See* Open. Mem. at pp. 6-7.

*Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 635 (11th Cir. 2010). Accordingly, Plaintiffs' Section 10(b) and Rule 10b-5 claim should be dismissed.

Similarly, Plaintiffs have failed to plead reliance, loss causation, or material misrepresentations or omissions with requisite particularity as to the Fund Defendants. As noted in our Opening Memorandum (and Plaintiffs do not argue otherwise in their opposition), Plaintiffs' Complaint confirms that they relied[9] on various direct communications with Morgan Keegan brokers at various points in 2007, rather than any alleged misstatements or omissions by the Fund Defendants.[10] *See* Open. Mem. at pp. 13-14. Finally, as noted above, beyond a generic assertion that Plaintiffs "alleged specific wrongdoing" on the part of the Fund Defendants (Opp. Br. at pp. 15-16), there are no well-pled particular allegations as to any alleged material misstatements or omissions as to the Fund Defendants. The Section 10(b) and Rule 10b-5 claim should be dismissed on these grounds as well.

## III. PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA AS AGAINST ALL FUND DEFENDANTS

Plaintiffs' claims were previously denied in their entirety in a five-day hearing before a FINRA arbitration panel. The alleged claims were predicated on the same alleged operative facts and events concerning Plaintiffs' purchases and subsequent losses in the Fund Defendants. The fact that the arbitration proceeding was only against Morgan Keegan & Company, Inc., or

---

[9] Plaintiffs are not entitled to a presumption of reliance under *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128 (1972). *See* Opp. Br. at p 18-19. The presumption of reliance applies only where the claims are primarily premised on alleged fraudulent omissions. That is not the case here, where the Complaint throughout alleges both numerous misrepresentations and omissions. *See, e.g., Cox v. Collins*, 7 F.3d 394, 395-96 (4th Cir. 1993) (stating "*Affiliated Ute* presumption of reliance is not warranted in a Rule 10b-5 case when the plaintiff alleges both nondisclosure and positive misrepresentation instead of only nondisclosure as in *Affiliated Ute*").

[10] Loss causation is an element of a Rule 10b-5 claim suitable for adjudication at the motion to dismiss stage. *See, e.g., D.E.&J. Ltd. P'ship v. Conaway*, 133 Fed. App'x 994, 995 (6th Cir. 2005).

that Plaintiffs allegedly could not sue the Fund Defendants in the arbitration proceeding, is of no consequence. *See* Opp. Br. at pp. 21-25. Under Tennessee law, for the purposes of res judicata, "privity … does not embrace relationships between persons or entities, but rather the subject matter of the litigation." *Bright v. Spaghetti Warehouse, Inc.*, No. 3A01-9708-CV-00377, 1998 Tenn. App. LEXIS 286, at *8 (Tenn Ct. App. Apr. 29, 1998). Thus, Plaintiffs are barred from relitigating the same claims and issues previously decided by the FINRA arbitration.

## IV. PLAINTIFFS' SECTION 11 CLAIM (COUNT I) SHOULD BE DISMISSED AS AGAINST DEFENDANT RMK MULTI-SECTOR

As discussed previously, Plaintiffs' Section 11 claim is time-barred. Additionally, for the reasons stated in the Fund Defendants' Opening Memorandum, Plaintiffs' have failed to adequately plead that RMK Multi-Sector's registered statements contained a material misstatement or omission, or that any alleged misrepresentation caused their losses. *See* Open. Mem. at 15; *Azzolini v. CorTS Trust II*, No. MDL103MD1552, 2005 WL 3448053, at *5-6 (E.D. Tenn. Dec. 14, 2005). In all events, should the Court determine that Plaintiffs failed to adequately plead a Section 11 claim on any other grounds, such determination warrants dismissal of the claim against RMK Multi-Sector as well.

## V. PLAINTIFFS' SECTION 12(A)(2) CLAIM (COUNT II) SHOULD BE DISMISSED AS AGAINST DEFENDANT RMK MULTI-SECTOR

Like their Section 11 claim, Plaintiffs' Section 12(a)(2) claim is time-barred. Regardless, for the reasons stated in the Fund Defendants' Opening Memorandum, because Plaintiffs' Section 11 claim is deficiently pled, the Section 12(a)(2) claim must be dismissed against RMK Multi-Sector as well. *See* Open. Mem. at p. 16. In all events, should the Court determine that Plaintiffs failed to adequately plead a Section 12(a)(2) claim on any other grounds, such determination warrants dismissal of the claim against RMK Multi-Sector as well.

## VI. PLAINTIFFS' CLAIMS UNDER THE MISSISSIPPI AND TENNESSEE SECURITIES ACTS FAIL TO SATISFY THE REQUIREMENTS OF THE PSLRA AND RULE 9(B)

Beyond being time-barred, Plaintiffs have not pled their fraud state law claims with particularity for the reasons stated above and in the Fund Defendants' Opening Memorandum. These claims must be dismissed as well.

### CONCLUSION

For the reasons set forth herein and in our Opening Memorandum and the memoranda of law submitted by co-defendants, the Fund Defendants respectfully request that this Court dismiss Plaintiffs' claims against the Fund Defendants with prejudice.

Dated this 28th day of January, 2014

By:_____/s/Kevin C. Logue_____
Kevin C. Logue (2048460)
Kevin P. Broughel (4242418)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants
Helios Advantage Income Fund, Inc.,
Helios High Income Fund, Inc., Helios
Multi-Sector High Income Fund, Inc.,
and Helios Strategic Income Fund, Inc.
(formerly RMK Advantage Income
Fund, Inc., RMK High Income Fund,
Inc., RMK Multi-Sector High Income
Fund, Inc., and RMK Strategic Income
Fund, Inc., respectively)*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**James A. Dunlap , Jr.**
JAMES A. DUNLAP, JR. & ASSOCIATES, LLC
310 Windsor Gate Cove, NE
Atlanta, GA 30342
404-354-2363
Email: jim@jamesdunlaplaw.com

**Laura S. Martin**
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Suite 2700
Memphis, TN 38103
901-525-1455
Fax: 901-526-4084
Email: lmartin@harrisshelton.com

**Christopher S. Campbell**
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103
901-525-1455
Email: ccampbell@harrisshelton.com

**Peter S. Fruin**
MAYNARD COOPER & GALE, PC
AmSouth/ Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203-2602
205-254-1068
Fax: 205-254-1999
Email: pfruin@maynardcooper.com

**R. Harold Meeks , Jr.**
JAMES BATES BRANNAN GROVER LLP
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, GA 30326
404-997-6020
Fax: 404-997-6021
Email: hmeeks@jamesbatesllp.com

By: _____/s/Kevin C. Logue_____
Kevin C. Logue (2048460)
Kevin P. Broughel (4242418)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants*
*Helios Advantage Income Fund, Inc., Helios*
*High Income Fund, Inc., Helios Multi-Sector*
*High Income Fund, Inc., and Helios*
*Strategic Income Fund, Inc. (formerly RMK*
*Advantage Income Fund, Inc., RMK High*
*Income Fund, Inc., RMK Multi-Sector High*
*Income Fund, Inc., and RMK Strategic*
*Income Fund, Inc., respectively)*

LEGAL_US_E # 108200790

12